## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

EDWARD POTOCZNIAK,

                    Plaintiff,           Civil No. 2010/46

        v.

DIAMONDROCK FRENCHMAN'S
OWNER, INC.,

                    Defendant.

## <u>ORDER</u>

This matter is before the Court on the plaintiff's motion to compel production of certain documents defendant withheld from production based on a claim of protection under the work-product doctrine. The four withheld documents were identified on defendant's privilege log and are described there as follows: (1) "claims notes dated 4/19/10 through 7/8/109 [sic] from Marriott Claims Representatives regarding the Plaintiff's accident and claims handling thereof"; (2) an "April 15, 2010 Incident/Shift Report prepared by Marriott Frenchman's Reef Security Officer, Rudolph Allenby"; (3) an "April 15, 2010 Marriott Frenchman's Reef Incident & Loss Report prepared by [] Allenby"; and (4) an "April 21, 2010 Declaration and Statement of Marriott Frenchman's Reef Associate Susan Schaller".[1] In support of the claim of work-product protection, defendant asserts that "each item listed [in the log] was prepared/created specifically in response to [plaintiff's] slip

---

[1] The motion initially sought production of photographs also withheld under a work product claim; however, at a conference on March 3, 2011, defendant agreed to produce the photographs.

*Edward Potoczniak v. Diamondrock Frenchman's Owner, Inc.*
Civil No. 2010-46
Order
Page 2 of 5

and fall and in preparation for this litigation. [Defendant's] employees were under no other duty to otherwise do so."  (Docket No. 33, at p. 2.)[2]

Federal Rule of Civil Procedure 26(b)(3) provides that documents prepared in anticipation of litigation by a party or certain of its representatives may be protected from discovery as work product under certain conditions.  Rule 26(b)(5)(A) further provides that when a party withholds information under a work-product claim, the party must, in addition to making the claim, "(ii) describe the nature of the documents . . . not produced or disclosed – and do so in a manner that . . .will enable other parties to assess the claim."  Thus, the withholding party must provide sufficient disclosure to allow an independent determination of the privilege.[3]  "The party asserting the work-product protection bears the burden of proving that the document was prepared in anticipation of litigation."[4]

To determine whether a document was prepared in anticipation of litigation, the Court must determine whether "'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'"[5]  "At the time the document is created there must be 'an identifiable specific claim or

---

[2] These assertions are unsupported by affidavit or other evidentiary basis in the record.

[3]   See *Dade Engineering Corp. v. Reese*, 2006 U.S. Dist. LEXIS 32639, at *16 (D.V.I. Apr. 13, 2006) ("This limitation recognizes that the determination that information is privileged is not left to a party's unilateral determination, but must be sufficiently exposed to permit an independent assessment by the court and the adverse party.").

[4]   *Solano-Castro v. Devcon TCI, LTD*., 2010 U.S. Dist LEXIS 129298, at *3 (D.V.I. Dec. 6, 2010)(citing *Haines v. Liggett Group, Inc*., 975 F.2d 81, 94 (3d Cir. 1992)).

[5]  *Martin v. Bailey's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3d Cir. 1993)(quoting *United States v. Rockwell International*, 897 F.2d 1255, 1266 (3d Cir. 1990)).

*Edward Potoczniak v. Diamondrock Frenchman's Owner, Inc.*
Civil No. 2010-46
Order
Page 3 of 5

impending litigation' . . .[however] '[e]ven if litigation was reasonably anticipated . . .routine or ordinary investigations or reports are not work product and can be obtained though normal discovery procedure without a special showing of need.'"[6] Once a particular document is determined to be work product, the party seeking discovery of it may still be entitled to its production if it demonstrates a substantial need in order to prepare its case, and that it cannot obtain a substantial equivalent by other means without undue hardship.[7]

In this matter, defendant has resisted production of the documents based on nothing more than counsel's unsupported assertion that each of the materials was created "in preparation for this litigation," and that defendant's employees had no duty to otherwise prepare the documents. Furthermore, the privilege log does not assist the Court to make any independent evaluation of the claim asserted as to these documents, as it contains no detail regarding how and why the documents were generated, or what types of information is contained in them. The log and counsel's assertions, standing as they do on their own with no evidentiary support, simply do not meet the defendant's burden of proof.

With respect to the two Allenby incident reports, these were prepared on the same date as the plaintiff's slip and fall. Without more, this Court is not persuaded that they were prepared under a

---

[6]     *Solano-Castro*, *supra*, at *4 (quoting *United States v. Ernstoff*, 183 F.R.D. 148, 156 (D.N.J. 1998)).

[7]     Fed. R. Civ. P. 26(b)(3)(A)(ii).

*Edward Potoczniak v. Diamondrock Frenchman's Owner, Inc.*
Civil No. 2010-46
Order
Page 4 of 5

reasonable anticipation that litigation would result, as opposed to for some other ordinary business-related reason.[8]  These reports should be produced.

Likewise, there is no record support for the proposition that the Schaller statement, prepared within a week of the event, was prepared solely as a result of a reasonable anticipation of litigation. Even it were, however, "'[t]here is now a substantial body of authority [] that suggests that statements taken from witnesses at about the time of the occurrence described in them are unique, in that they provide an immediate impression of the facts.  On this view mere lapse of time is in itself enough to justify production . . . .'"[9]  Given that it has been almost a year since Schaller prepared her statement, coupled with the statement's immediacy to the incident, the Court finds that plaintiff would not be able to obtain the substantial equivalent of this statement through any other means.  Accordingly, the Court finds that even if the statement could arguably constitute work product, the plaintiff would be entitled to its disclosure under the substantial need-undue hardship prong of Rule 26(b)(3).

The last document to consider is the document characterized as "claims notes" from "Claims Representatives."  Once again, defendant has failed to provide sufficient detail regarding who prepared them, when and why, or what they contain, to allow an independent evaluation of the work product claim as to these notes.  And, some of them may well be sufficiently contemporaneous to the accident at issue that they should, if they contain statements of witnesses, be treated the same as the

---

[8]   This situation is similar to that faced by the court in *Celmer v. Marriott Corporation*, 2004 U.S. Dist. LEXIS 15394 (E.D. Pa. Jul. 15, 2004).  In *Celmer*, the court noted that the party seeking work-product protection must make a showing that the materials were created for possible litigation, and there "defendant fail[ed] to point to anything in the record that would support this assertion." *Id.* at *8.

[9]   *McCann v. Miller*, 2009 U.S. Dist. LEXIS 63162, at *11-12 (E.D. Pa. Jul. 7, 2009)(citing Wright, Miller & Marcus, Fed. Prac. and Proc.: Civil 2d § 2025)).

*Edward Potoczniak v. Diamondrock Frenchman's Owner, Inc.*
Civil No. 2010-46
Order
Page 5 of 5

Shaller statement.  These documents, however, are apparently not all close in time to the event, and there may be additional reasons to support the claim of protection.  As a result, these will not be ordered produced at this time.

Accordingly, it is hereby

ORDERED, that the plaintiff's motion to compel is GRANTED insofar as the following documents shall be produced to plaintiff within 10 days of the date of this Order: (1) the April 15, 2010 Incident/Shift Report prepared Rudolph Allenby; (2) the April 15, 2010 Incident & Loss Report prepared by Allenby; and (3) the April 21, 2010 Declaration and Statement of Susan Schaller; and it is further

ORDERED that the plaintiff's motion to compel is DENIED without prejudice as to the "claims notes," provided that defendant serves on plaintiff, within 10 days of the date of this Order, a revised privilege log as to the notes, providing sufficient detail upon which a determination of the work-product protection claim may be made.

**DATED:** April 5, 2011

                            s/
        _____
                **RUTH MILLER**
        **UNITED STATES MAGISTRATE JUDGE**